IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02901-BNB

MARC PIERRE HALL,

    Applicant,

v.

WARDEN OLIVER,

    Respondent.

ORDER OF DISMISSAL

    Applicant, Marc Pierre Hall, is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary in Florence, Colorado. Mr. Hall has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging the validity of his conviction and sentence. On November 20, 2013, Magistrate Judge Boyd N. Boland entered an order directing Mr. Hall to show cause why the application should not be denied. In particular, Mr. Hall was directed to show cause why the instant action should not be dismissed as abusive because the claim Mr. Hall raises could have been raised in a prior habeas corpus action. Mr. Hall also was ordered to show cause why this action should not be dismissed because he has an adequate and effective remedy available to him in the sentencing court pursuant to 28 U.S.C. § 2255. Mr. Hall has not filed a response to the show cause order.

    The Court must construe the application liberally because Mr. Hall is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action.

Mr. Hall was convicted of various offenses following a jury trial in the Western District of North Carolina.  *See United States v. Hall*, No. 96-4365, 1997 WL 712885 (4th Cir. Nov. 17, 1997) (per curiam).  The judgment of conviction was affirmed on direct appeal.  *See id.*  Mr. Hall subsequently challenged his convictions in the sentencing court and in the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2255 and in a number of habeas corpus actions in various courts pursuant to 28 U.S.C. § 2241.  *See Hall v. Williamson*, No. 07-2533, 2007 WL 2900557 (3rd Cir. Oct. 4, 2007) (per curiam) (affirming dismissal of § 2241 action and recounting Mr. Hall's history of challenges to his convictions).  Most recently, Mr. Hall filed an application for a writ of habeas corpus in the District of Colorado challenging the validity of his conviction that was dismissed both for lack of statutory jurisdiction and as successive.  *See Hall v. Daniels*, No. 13-cv-00773-LTB (D. Colo. June 27), *aff'd*, – F. App'x –, 2013WL5952137 (10th Cir. Nov. 8, 2013).

Mr. Hall claims in the application that his constitutional right to due process was violated because counsel was ineffective during plea negotiations.  Mr. Hall specifically contends that ineffective assistance of counsel led to the rejection of a plea agreement and the prosecution's refusal to re-offer the plea agreement after new counsel was appointed. Mr. Hall further contends that he was prejudiced by ineffective counsel because the sentence he is serving after being convicted at trial is significantly longer than the sentence he would have received pursuant to the rejected plea agreement.

Mr. Hall relies on the Supreme Court's decisions in *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), to support his constitutional claim in this action.

The Court first will address whether Mr. Hall may challenge the validity of his conviction in a habeas corpus action pursuant to § 2241. The purposes of an application for a writ of habeas corpus pursuant to § 2241 and a motion pursuant to § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

Mr. Hall is challenging the validity of his conviction and sentence. Therefore, Mr. Hall's claim must be raised in the sentencing court in a motion pursuant to § 2255 unless that remedy is inadequate or ineffective.

Mr. Hall bears the burden of demonstrating that the remedy available pursuant to § 2255 in the sentencing court is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not satisfied easily because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see*

*also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances").  The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr. Hall's claims could have been raised in an initial § 2255 motion.  *See Prost*, 636 F.3d at 584.  "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241."  *Id.*

Mr. Hall fails to demonstrate that he could not have raised his ineffective plea counsel claim in an initial § 2255 motion.  *See Prost*, 636 F.3d at 585 ("[T]he savings clause is satisfied so long as the petitioner had an opportunity to bring and test his claim.").  The fact that *Lafler* and *Frye* had not been decided at the time Mr. Hall filed his initial § 2255 motion does not demonstrate that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective.  *See Prost*, 636 F.3d at 589 (concluding that the failure to raise a *Santos*-type argument prior to the Supreme Court's novel statutory interpretation in *United States v. Santos*, 553 U.S. 507 (2008), does not demonstrate the remedy available pursuant to § 2255 is inadequate or ineffective).  "The Supreme Court's language in *Lafler* and *Frye* confirm that the cases are merely an application of the Sixth Amendment right to counsel, as defined in *Strickland*, to a specific factual context."  *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. 2013) (internal quotation marks omitted).

For these reasons, the Court finds that Mr. Hall has failed to satisfy his burden of demonstrating the remedy available pursuant to § 2255 in the sentencing court is inadequate or ineffective.  As a result, the application must be dismissed for lack of

statutory jurisdiction. *See Abernathy v. Wandes*, 713 F.3d 538, 557-58 (10th Cir. 2013).

In addition, even assuming the Court had statutory jurisdiction to consider Mr. Hall's claim pursuant to § 2241, the Court also finds that the claim is barred as abusive. Pursuant to 28 U.S.C. § 2244(a), the Court need not entertain a habeas corpus application pursuant to § 2241 "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." This statutory bar applies to both successive claims that actually were raised in the prior petition as well as abusive claims that could have been raised in the prior petition but were not. *See Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010). Although the Court may raise the statutory bar *sua sponte*, Mr. Hall must be given notice and an opportunity to respond. *See id.* at 1271.

Mr. Hall has been given an opportunity to address whether his claim in this action is an abusive claim barred by § 2244(a). However, Mr. Hall has not responded to the show cause order, and he fails to demonstrate that he could not have raised his ineffective plea counsel claim in his prior habeas corpus actions. "Under the abuse of the writ doctrine, if a second or subsequent petition raises a claim that could have been raised in an earlier petition, the petitioner must establish that the omission was not the result of inexcusable neglect in order to proceed on the new claim." *Stanko*, 617 F.3d at 1271. In order to demonstrate the omission was not the result of inexcusable neglect, Mr. Hall must show either cause and prejudice or that a failure to consider the claim will result in a fundamental miscarriage of justice. *See id.* "'[T]he cause standard requires the petitioner to show that some objective factor external to the defense impeded [the

5

petitioner's] efforts to raise the claim' in the earlier petition." *Id.* at 1272 (quoting *McCleskey*, 499 U.S. at 493). "Cause also requires that a prisoner 'conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition.'" *Id.* (quoting *McCleskey*, 499 U.S. at 498). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Mr. Hall fails to demonstrate either cause and prejudice or a fundamental miscarriage of justice. He fails to demonstrate that some objective factor external to the defense prevented him from discovering the claim he is asserting in this action or from raising that claim in a prior habeas corpus actions or that he conducted a reasonable and diligent investigation in order to include all relevant grounds in the prior habeas corpus actions. Mr. Hall also fails to demonstrate that a failure to consider his ineffective plea counsel claim in this action will result in a fundamental miscarriage of justice. Therefore, the ineffective plea counsel claim also must be dismissed pursuant to § 2244(a).

In summary, the instant action will be dismissed for lack of statutory jurisdiction because Mr. Hall may not pursue his claim challenging the validity of his conviction and sentence in the District of Colorado in a habeas corpus action pursuant to § 2241. In addition, the claim is barred as abusive pursuant to 28 U.S.C. § 2244(a). Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If

Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed for the reasons stated in this order.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  10th  day of    January    , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court