IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02901-LTB

MARC PIERRE HALL,

    Applicant,

v.

WARDEN OLIVER,

    Respondent.

---

ORDER DENYING MOTION

---

    This matter is before the Court on the "Motion Pursuant [to] Rule 60(b) F.R.CV.P. to Correct Entry of Judgment Due to Non-negligent Failure to Learn that Judgment has been Entered/Affidavit" (ECF No. 17) filed *pro se* by Applicant, Marc Pierre Hall, on January 20, 2015. The Court must construe the motion liberally because Mr. Hall is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion will be denied.

    Mr. Hall is a prisoner in the custody of the Federal Bureau of Prisons and he currently is incarcerated at a federal prison in Indiana. Mr. Hall initiated this habeas corpus action challenging the validity of his federal court conviction and sentence while he was incarcerated at a federal prison in Colorado. On November 20, 2013, Mr. Hall was ordered to show cause why the application should not be denied. He specifically

was ordered to show cause why the application should not be denied for lack of statutory jurisdiction because he has an adequate and effective remedy available to him pursuant to 28 U.S.C. § 2255 in the sentencing court.  He also was ordered to show cause why the application should not be denied as abusive pursuant to 28 U.S.C. § 2244(a) because his claim could have been raised in the habeas corpus actions he previously had filed in various federal courts.  Mr. Hall did not respond to the order to show cause in a timely manner and, on January 13, 2014, the Court entered an order (ECF No. 8) dismissing the action for lack of statutory jurisdiction and as abusive.

On January 15, 2014, the Court entered a minute order (ECF No. 11) denying as moot Mr. Hall's motion for extension of time (ECF No. 10) that was filed after the order dismissing the case was entered.  On January 23, 2014, the copies of the dismissal order and the Judgment (ECF No. 9) that were mailed to Mr. Hall at the federal prison in Colorado were returned to the Court undelivered.  On February 10, 2014, the Court entered a minute order (ECF No. 15) denying as moot Mr. Hall's motion (ECF No. 14) to dismiss the case voluntarily.  Mr. Hall alleges he was not aware the action had been dismissed when he filed the motion seeking voluntary dismissal.

Mr. Hall now asks the Court to correct the Judgment to reflect that this action was dismissed voluntarily and without prejudice.  Mr. Hall states that he "will be entitled to refile the writ in the district where incarcerated" (ECF No. 17 at 2) if the Judgment is corrected as he requests.

Relief under Rule 60(b) is appropriate only in extraordinary circumstances.  See *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).  Upon consideration of the motion to reconsider and the entire file, the Court

finds that Mr. Hall fails to demonstrate the existence of any extraordinary reason why the Court should grant the relief he seeks.  Mr. Hall's belated attempt to dismiss the action voluntarily does not alter the Court's conviction that the action properly was dismissed for the reasons specified in the Order of Dismissal.  Accordingly, it is

ORDERED that the "Motion Pursuant [to] Rule 60(b) F.R.CV.P. to Correct Entry of Judgment Due to Non-negligent Failure to Learn that Judgment has been Entered/Affidavit" (ECF No. 17) is DENIED.

DATED at Denver, Colorado, this  22nd  day of    January    , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court